

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50133 | DATE | 10/4/2002 |
| CASE TITLE | Star Forge Mfg., Inc. vs. F.C. Mason, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motions to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, defendant F.C. Mason, Inc.'s and defendant Carson Ward's motions to dismiss are granted. Counts I-IV are dismissed with prejudice; Counts V-VIII and Mason's counterclaim are dismissed without prejudice. This case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | OCT - 4 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10-4-02 | |
| | | | date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Star Forge Manufacturing, Inc. ("Star"), has filed a nine-count[1] complaint against defendants, F.C. Mason, Inc. ("Mason"), Reliable Engineering Sales and Services, Inc. ("Reliable"), and Carson Ward, alleging various claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO") (Counts I-IV), and Illinois common and statutory law (Counts V-VIII). Original jurisdiction over the former is based on 28 U.S.C. § 1331 and 18 U.S.C. § 1964, and supplemental jurisdiction over the latter is based on 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391 and 18 U.S.C. § 1965. Before the court are Mason's and Ward's separate motions to dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(6).[2] Reliable has adopted both Mason's and Ward's motions as its own.

Although defendants have raised a number of reasons why they believe Star's substantive RICO claims (Counts I-III) fail as a matter of law, the court will focus on just one. Star has brought claims under subsections (a) and (c) of 18 U.S.C. § 1962, both of which require Star to sufficiently allege a "pattern of racketeering activity." See Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 779 (7th Cir. 1994). To begin with, this case clearly involves a "closed-ended" period of racketeering, despite Star's cursory and unfounded argument to the contrary. Star essentially alleges defendants, and Ward in particular, who was Star's president during the relevant time period, used various "schemes" to divert business from Star to Mason and Reliable. According to the complaint, however, Ward was no longer with Star as of June 21, 2000. Thus, as of that date, Ward's alleged scheme(s) to divert Star's business from within necessarily ceased to exist, and Star has not at all alleged that fraudulently diverting business from other companies to themselves was either Mason's or Reliable's "regular way of doing business," or that either company "routinely raided competitors in this fashion." Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1023 (7th Cir. 1992) (holding under similar facts that RICO claim was closed-ended because "the alleged scheme to fraudulently divert business and employees to [the plaintiff's competitor] ceased to exist in August 1986 when Spitz [the plaintiff's former president] left Midwest").

Still, the fact that this was a closed scheme means only that the court must next determine if the alleged predicate acts exhibit continuity – i.e., whether they extended over a substantial period of time and threaten to recur in the future. See id. In the Seventh Circuit, courts look at the following five factors (known as the Morgan factors, from the case of Morgan v. Bank of Waukegan, 804 F.2d 970 (7th Cir. 1986)) to analyze whether such continuity exists: (1) the number and variety of predicate acts; (2) the duration of time over which the predicate acts were committed; (3) the number of victims; (4) the presence of separate schemes; and (5) the occurrence of distinct injuries. See Corley v. Rosewood Care Center, Inc., 142 F.3d 1041, 1049 (7th Cir. 1998).

In the court's opinion, the most damaging blow to Star's substantive RICO claims is how these factors played out in Midwest Grinding, a case sharing a number of significant similarities with the present case. As alluded to above, the plaintiff in Midwest Grinding alleged its former president had violated RICO by fraudulently diverting customers and employees away from it. He had done this, Midwest claimed, by secretly helping to set up a new company, U.S. Grinding, that competed with Midwest, and then inducing Midwest's own employees to go to work for the upstart competitor and encouraging Midwest's customers to use the services of U.S. Grinding instead of Midwest. Finding no RICO violation under 18 U.S.C. § 1962(c) in these circumstances, the court said of the last three Morgan factors: "There was only one victim (Midwest) [citation omitted], one scheme (the diversion of customers and employees from Midwest to U.S. Grinding) [citation omitted], and one type of injury (loss of business)." Midwest Grinding, 976 F.2d at 1025. Insert "Star" for "Midwest" and "Mason and Reliable" for "U.S. Grinding," and it is this case exactly (except for diverting employees). In its complaint, Star alleges Ward diverted business away from it by switching the billing of parts Star had subcontracted to Mason from Star to Reliable and telling Star's customer for these parts, Deere and Co., that Reliable and Star were related companies (when in fact they were not), misinforming Deere that Star's quote on a certain part would be higher than Reliable's, directing Deere to purchase a particular part from Mason instead of Star, and advising Star that it was unable to make another type of part for Deere (when in fact it could have) while in the meantime helping Mason build a prototype of this same part with Star's resources and technology. But no matter how much Star tries to dress up these different fraudulent acts as "separate and distinct" schemes, they represent at bottom, as in Midwest Grinding, one and only one scheme – the diversion of customers and business from Star to Mason and Reliable – with one victim (Star) and one injury (the loss of business). Also like in Midwest Grinding, the predicate acts of mail and wire fraud in this case consist entirely of numerous invoices, phone calls, and faxes to Reliable and Mason – the very same type of disfavored predicate acts which, despite their sizable number, the court in Midwest Grinding found did not establish continuity. See id. at 1024-25; see also Pizzo v. Bekin Van Lines Co., 258 F.3d 629, 632-33 (7th Cir. 2001). Finally, although Star alleges defendants engaged in this scheme for three years, from 1997 until 2000, the court finds this factor by itself, when weighed against the other factors, is not enough to establish continuity. See Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 663 (7th Cir. 1992) (no pattern in RICO case where single scheme, based on multiple acts of mail fraud, lasted four years). In short, this is, like Midwest Grinding, nothing more than a "run-of-the mill fraud case that belongs in state court." Midwest Grinding, 976 F.2d at 1025. Perhaps Ward breached his fiduciary duties to Star, and perhaps Mason and Reliable interfered with Star's contractual relations, as Star has additionally alleged, but the court sees no basis for Star to sue these defendants under RICO.

As for the RICO conspiracy claim (Count IV), it "contains only conclusory, vague, and general allegations of a conspiracy" and could be dismissed on that ground alone. Goren v. New Vision Int'l, Inc., 156 F.3d 721, 733 (7th Cir. 1998). But even considering all of Star's allegations together, there is still precious little from which to reasonably infer that Ward, Mason, and Reliable specifically agreed to participate in the affairs of an enterprise through a pattern of racketeering activity and further agreed that one of them would commit at least two predicate acts to carry out their racketeering activities. See id. at 732. The court therefore dismisses this count as well.

With all of the claims giving this court original jurisdiction now dismissed, the court declines to exercise supplemental jurisdiction over Counts V-VIII and Mason's counterclaim, which is also based solely on supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3).

For the reasons stated above, Mason's and Reliable's motions to dismiss are granted. Counts I-IV are dismissed with prejudice; Counts V-VIII and Mason's counterclaim are dismissed without prejudice. This case is dismissed in its entirety.

---

[1] Although the last count is labeled "Count VIII," there are in fact nine counts as Star inadvertently included two "Count II"s.

[2] Strictly speaking, the court construes Mason's motion as one for judgment on the pleadings under Rule 12(c), as Mason had already filed its answer to Star's complaint by the time it filed its motion to dismiss. See Forseth v. Village of Sussex, 199 F.3d 363, 368 n.6 (7th Cir. 2000).

# United States District Court
## Northern District of Illinois
### Western Division

| | |
|---|---|
| Star Forge Manufacturing, Inc. | **JUDGMENT IN A CIVIL CASE** |
| v. | Case Number: 02 C 50133 |
| F.C. Mason, Inc., et al. | |

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant F.C. Mason, Inc.'s and defendant Carson Ward's motions to dismiss are granted. Counts I-IV are dismissed with prejudice; Counts V-VIII and Mason's counterclaim are dismissed without prejudice. This case is dismissed in its entirety.

All orders in this case are now final and appealable.

Michael W. Dobbins, Clerk of Court

Date: 10/4/2002

Susan M. Wessman, Deputy Clerk